**WILLIAM F. ABBOTT**
**211 Gough Street, Suite 201**
**San Francisco, CA  94102**
**Telephone: (415) 863-9337**
**Facsimile: (415) 863-9318**

**Attorney For Plaintiff JOHN R. ROBERSON**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: JOHN R. ROBERSON,<br><br>                 **Debtor.**<br>_____<br>JOHN R. ROBERSON,<br><br>                 **Plaintiff,**<br><br>v.<br><br>**LOMAREY, INC. ; CJ INVESTMENT SERVICES, INC.; FILIGHERA & ASSOCIATES; JOHN FILIGHERA; PAT CORRIGAN;  JOHN T. MICHAELS  & MELISSA A. MICHAELS, Trustees; DON H. LENKER & KAREN H. LENKER, Trustees; ROBERT D. & KATHLEEN A. WHITEHEAD, Trustees and SEASIDE DEVELOPMENT COMPANY aka ADDISCOMBE REAL ESTATE COMPANY,**<br><br>                 **Defendants.**<br>_____ | CASE NO. 03-57415 JRG<br><br>CHAPTER 11<br><br>ADVERSARY PROCEEDING NO. |

**VERIFIED COMPLAINT FOR DAMAGES, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION & PERMANENT INJUNCTION**

COMES NOW Plaintiff JOHN R. ROBERSON, Debtor-In-Possession, and complains of Defendants, and each of them, and alleges as follows.

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**                                                                       1

Case: 05-05486    Doc# 1    Filed: 09/06/05    Entered: 09/06/05 21:46:34    Page 1 of 13

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §157 and §1334 in that this Adversary Proceeding is being brought in connection with the Chapter 11 proceeding of Plaintiff JOHN R. ROBERSON, commenced herein on November 17, 2003, *In Re John R. Roberson, Debtor,* Case. No. 03-57415 JRG.

2. Venue is proper in this district and division pursuant to Title 11, United States Code, section 1409(a) in that it is related to a case under Title 11, United States Code which is pending in this District and Division.

3. This is a core proceeding under Title 28, United States Code, §157(b)(2)(D) and §157(b)(2)(K).

**PARTIES**

4. Plaintiff, JOHN R. ROBERSON ("Roberson") is an individual of the full age of majority residing in Scotts Valley, Santa Cruz County, California, and is the Debtor-In-Possession in the above-captioned Chapter 11 Proceeding.

5. Defendant LOMAREY, INC. ("Lomarey") is a corporation organized under and existing by virtue of the laws of the State of California, having its principal place of business in Monterey, Monterey County, California.

6. Defendant CJ INVESTMENT SERVICES, INC. is a corporation organized under and existing by virtue of the laws of the State of California, having its principal place of business in Capitola, Santa Cruz County, California.

7. Defendant PAT CORRIGAN ("Corrigan") is an individual residing in Monterey County, California, and is the President of Defendant Lomarey, Inc. Plaintiff is informed and believes, and based thereon alleges that Defendant Corrigan is also the principal of Defendant Lomarey.

8. Defendant JOHN FILIGHERA is an individual residing in Santa Cruz County, California.

9. Defendant FILIGHERA & ASSOCIATES is a business entity whose true form is not known to Plaintiff. Plaintiff prays leave to amend this Complaint to alleges its true form when

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES** 2

Case 05-05486   Doc# 1   Filed: 09/06/05   Entered: 09/06/05 21:46:34   Page 2 of 13

the same is known to Plaintiff. Plaintiff is informed and believes, and based thereon alleges that Defendant John Filighera is the principal of Defendant Filighera & Associates.

10. Defendants JOHN T. MICHAELS and MELISSA A. MICHAELS (collectively "Micheals") are sued herein as Trustees of the Michaels Revocable Trust Dated December 31, 1998, a Trust organized and existing by virtue of the laws of a state unknown to Plaintiff.

11. Defendants DON H. LENKER and KAREN H. LENKER (collectively "Lenkers") are sued herein as Trustees of the Don H. Lenker and Karen H. Lenker 1984 Trust, a Trust organized and existing by virtue of the laws of a state unknown to Plaintiff.

12. Defendants ROBERT D. WHITEHEAD and KATHLEEN A. WHITEHEAD (collectively "Whiteheads") are sued herein as Trustees of the Robert D. Whitehead and Kathleen A. Whitehead 2000 1984 Trust, a Trust organized and existing by virtue of the laws of a state unknown to Plaintiff.

13. Defendant SEASIDE DEVELOPMENT COMPANY aka ADDISCOMBE REAL ESTATE COMPANY ("Seaside Development") is a business entity whose true form is not known to Plaintiff. Plaintiff prays leave to amend this Complaint to alleges its true form when the same is known to Plaintiff.

**FACTUAL ALLEGATIONS**

14. On June 9, 2004, this Court authorized Debtor-In-Possession John R. Roberson to refinance certain real property owned by his Bankruptcy estate, commonly known as 59 Old El Pueblo Road, Scotts Valley, Santa Cruz County, State of California, Assessors Parcel Number 022-052-08, and more particularly described as:

> PARCEL 2 AS SHOWN UPON THAT CERTAIN PARCEL MAP FILED OF RECORD JULY 26, 1978 IN BOOK 30 OF PARCEL MAPS AT PAGE 2, SANTA CRUZ COUNTY RECORDS

(the "Property").

15. The Findings of Fact and Order authorizing the refinancing stated that the loan was to be in the principal amount of $1,618,500.00, and that the lender was to be Filighera & Associates, or its assignees.

16. Prior to the Findings of Fact and Order, the only written document containing the

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES** 3

Case 05-05486   Doc# 1   Filed: 09/06/05   Entered: 09/06/05 21:46:34   Page 3 of 13

terms of the loan was a one page letter dated May 24, 2004 on letter of Filighera & Associates, signed by John Filighera (the "Loan Agreement").

17. This Court's Order anticipated that the terms of the transaction would be put into place by additional documents, most importantly a Promissory Note and Deed of Trust. These details were left to the Escrow Officer, who communicated with John Filighera and Lomarey regarding the actual documents. The loan was completed on or about June 14, 2004.

18. Plaintiff is informed and believes, and based thereon alleges that the actual lender was Defendant Lomarey.

19. On or about June 11, 2004, Roberson executed a Note, payable to Holder in the principal amount of $1,618,500.00 (the "Note").

20. Plaintiff is informed and believes, and based thereon alleges that Lomarey and/or Filighera & Associates assigned portions of the payee's interest in the Note to Defendants Michaels, Lenkers, Whiteheads, John Filighera and Seaside Development.

21. On June 11, 2004, to secure the amounts due under the Note, Roberson executed a Deed of Trust encumbering the Property, which was recorded in the Official records of the Recorder of Santa Cruz County, California on June 14, 2004 as Document No. 2004-0042860 (the "Deed of Trust").

20. Defendant Lomarey is the Trustee of the Deed of Trust.

21. Plaintiff is informed and believes, based on statements made to Roberson by Defendants Corrigan and John Filighera, and in a Declaration filed in this Court and signed by Defendant Corrigan, and based thereon, alleges that, in addition to serving as Trustee of the Deed of Trust, Defendant Lomarey also holds certain rights of the Beneficiary of the Deed of Trust, including rights to payments from the proceeds of the Note, rights under the "Option Purchase Agreement" described herein below, which are purportedly secured by the Deed of Trust, and the right to service the loan for the assignee thereof, and receive payment for these services.

22. During the completion of the escrow for the loan, one of the documents which was presented to Mr. Roberson (who is blind) by the Escrow Officer for signature was a purported "Option Purchase Agreement" (the "Option"). Mr. Roberson was given this document for

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES** 4

signature at the last minute and was wary of its provisions. He spoke with Lomarey's office on the telephone, and was told that the documents were "take it or leave it", and that he did not sign immediately, the loan would not go through.

23. Mr. Roberson attempted to contact his attorney, but was unsuccessful, and, faced with Lomarey's ultimatum, and feeling that he had no choice, signed the Option.

24. The provisions of the Option are in direct contradiction to, and the exact opposite of the intent of the terms of the Loan Agreement submitted to the Bankruptcy Court.

25. The last two paragraphs of the Loan Agreement presented to and approved by the Court contain a provision which states:

> THE FOLLOWING CONDITION WILL BE SET FORTH UPON A DEFAULT OF THE LOAN, (A DEFAULT IS WHEN THE LOAN PAYMENT IS PAST DUE MORE THAN THIRTY DAYS):
>
> THE OWNER OF THE PROPERTY (JOHN ROBERSON) WILL HAVE THE OPTION, UPON DEFAULT (1) IMMEDIATELY LIST AND SELL THE PROPERTY, (2) GRANT DEED ½ INTEREST IN THE PROPERTY TO THE INVESTOR, WHO IN TURN WILL REFINANCE THE PROPERTY.

26. Under the terms of the Option, Roberson is granted no option to put the Property on the market, as stated in the Loan Agreement. The only option upon default is granted to the lender, which can choose to convert $800,000 of the loan amount into a 50% interest in the Property. The alternative of listing the Property for sale, which was included in the Loan Agreement approved by the Court, does not appear in the Option.

27. After the loan was funded, the loan proceeds were used to pay for completion of repairs to the Property required by the City of Scotts Valley, payment of $45,000.00 to the City of Scotts Valley, and payment of administrative expenses of the bankruptcy estate.

28. On September 23, 2004, the Bankruptcy Court confirmed Roberson's Plan of Reorganization.

29. The Plan anticipated that the Plan payments to the unsecured creditors would be funded from a combination of any funds remaining from the loan after the cost of repairs, and from rent paid by tenants in September and October, 2004. The Chapter 11 proceeding would then be dismissed, and the loan payments would be made, post-dismissal, from the rents received

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES** 5

Case 05-05486    Doc# 1    Filed: 09/06/05    Entered: 09/06/05 21:46:34    Page 5 of 13

1   for November, 2004 and subsequent months.

2       30. All of the tenants had left by the completion of the repairs.

3       31. During the repairs, the Roberson suffered a heart attack and kidney failure., These illnesses required both hospitalization and frequent dialysis treatments, and prevented Roberson from renting, post-repairs, sufficient units to make the plan payments.

      32. Roberson then began seeking a buyer for the Property.

      33. Plaintiff is informed and believes, and based thereon alleges, that his efforts to obtain a buyer for the Property were impaired by the fact that Defendant Lomarey's agents, including, without limitation, Defendants John Filighera and Patrick Corrigan, were communicating to prospective buyers that Roberson's default in the loan payments entitled Lomarey to 50% ownership of the Property, and that the Option Agreement, which was recorded, would prevent a buyer from obtaining title to the Property.

      34. In addition, Defendant Corrigan was engaged in a pattern of repeated harassment of Roberson, telling him repeatedly that Roberson had no choice except to turn over his equity in the Property to Lomarey for a nominal payment, or to see it foreclosed, and that Corrigan would make sure that no one else would be able to buy the Property from Roberson.

      35. On or about March 14, 2005, Lomarey filed its Motion For Relief From Automatic Stay, or, Alternatively, To Enforce Option In Promissory Note, which was set for Preliminary Hearing on April 13, 2005.

      36. The Preliminary Hearing was subsequently rescheduled for April 27, 2005, and at that time the Preliminary Hearing was continued until June 22, 2005.

      37. On May 20, 2005, Defendant CJ Investment Services, on behalf of Defendant Lomarey, filed a Notice of Default and Election To Sell Under Deed of Trust in the official records of the Recorder of Santa Cruz County, California as Document No. 2005-003370.

      38. In August, 2005, Defendant CJ Investment Services, on behalf of Defendant Lomarey, filed a Notice of Trustee's Sale in the official records of the Recorder of Santa Cruz County, California.

      39. The Trustee's Sale is set for Wednesday, September 14, 2005 at 1:30 p.m.

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES     6

Case 05-05486    Doc# 1    Filed: 09/06/05    Entered: 09/06/05 21:46:34    Page 6 of 13

40. The Property was appraised as having a value of $2,450,000.00 in December, 2004, and has appreciated in value since that date.

41. The Notice of Sale states that the amount due on the Note is $1,54,830.47, when the true amount due on the Note, including interest, late charges, attorneys fees and foreclosure costs, is less than $1,800,000.00.

**FIRST CLAIM FOR RELIEF**

**{Order Restraining Foreclosure Sale - 11 U.S.C. §§105, 362}**

42. Unless the Foreclosure Sale is enjoined, Roberson's Chapter 11 estate will suffer immediate and irreparable harm in that it will be unable to complete the Plan payments and successfully reorganize.

43. If the Foreclosure Sale is enjoined, there is a reasonable likelihood that the Property can be sold within a short period of time, and Roberson will be able to complete a successful reorganization.

44. Roberson will suffer severe and irreparable harm if the Foreclosure Sale is not enjoined during the pendency of this adversary Proceeding, while Lomarey will suffer only *de minimis* inconvenience and delay in payment, which can be easily compensated by additional interest which will become due during any delay, from the issuance of a Temporary Restraining Order and Preliminary Injunction.

45. Plaintiff is entitled to an Order pursuant to 11 U.S.C. §105(a) restraining the Foreclosure Sale during the pendency of this Adversary Proceeding.

**SECOND CLAIM FOR RELIEF**

**{Negligence}**

46. As Trustee under the Deed of Trust, Lomarey owed a duty of care to Plaintiff as Trustor to use reasonable diligence in its conduct, and not to engage in fraudulent or willfully oppressive conduct in regard to Plaintiff.

47. The conduct of Lomarey, and its principal and agents, as herein alleged, constitute a willful and bad faith breach of this duty.

48. These acts were committed as part of a scheme to defraud Plaintiff of his ownership

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES 7

Case 05-05486    Doc# 1    Filed: 09/06/05    Entered: 09/06/05 21:46:34    Page 7 of 13

interest in the Property.

49. Plaintiff has suffered damage from these wrongful acts, in an amount herein to be proven.

50. The actions of Defendants Lomarey, Corrigan, Filighera & Associates and John Filighera were tortious, fraudulent and oppressive, and were done in total disregard of Plaintiff's legal rights, and entitle Plaintiff to an award of exemplary and punitive damages in an amount sufficient to punish said conduct and defer similar conduct in the future.

### THIRD CLAIM FOR RELIEF

### {Intentional Interference with Prospective Economic Advantage}

51. Beginning in January, 2005, Plaintiff was actively engaged in attempting to sell the Property and pay the Note.

52. Defendant Lomarey was aware of these efforts, through discussions between Roberson and Defendant Corrigan.

53. Defendants Lomarey, Corrigan, Filighera & Associates and John Filighera made repeated stated to third parties to the effect that Lomarey was entitled, under the Option Purchase, to ownership of a 50% interest in the Property, and that and that Roberson could not sell clear title to the Property, that Roberson was insolvent, and that the property was going to be foreclosed, all with the intent to dissuade prospective purchasers.

54. The Defendants' statements were false, and constituted slander of title and unfair business practices in violation of California Business and Professions Code Section 17200.

55. As the proximate result of Defendants' wrongful conduct, prospective purchasers of the property were dissuaded.

56. These acts were committed as part of a scheme to defraud Plaintiff of his ownership interest in the Property.

57. Plaintiff has suffered damage from these wrongful acts, in an amount herein to be proven.

58. The actions of Defendants Lomarey, Corrigan, Filighera & Associates and John Filighera were malicious, fraudulent and oppressive, and were done in total disregard of

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES        8

Case 05-05486    Doc# 1    Filed: 09/06/05    Entered: 09/06/05 21:46:34    Page 8 of 13

Plaintiff's legal rights, and entitle Plaintiff to an award of exemplary and punitive damages in an amount sufficient to punish said conduct and defer similar conduct in the future.

## FOURTH CLAIM FOR RELIEF

### {Slander of Title}

59. At all times herein mentioned, Roberson was the owner of fee simple title to the Property, and was entitled to enjoy this property interest without interference.

60. Lomarey's principal and agents wrongfully, without justification and without privilege, made statements to third parties to the effect that Lomarey was entitled, under the Option Purchase, to ownership of a 50% interest in the Property, and that Roberson could not sell clear title to the Property.

61. These statements were false, caused doubt to be cast on Plaintiff's title to the Property, and were made with the intent to cast doubt on Plaintiff's title to the Property, and to dissuade prospective purchasers.

62. Defendants' statements directly impaired the vendibility of the Property on the open market, in an amount herein to be proven.

63. These acts were committed as part of a scheme to defraud Plaintiff of his ownership interest in the Property.

64. Plaintiff has suffered damage from these wrongful acts, including, without limitation, depreciation in the value of the Property, in an amount herein to be proven.

65. The actions of Defendants Lomarey, Corrigan, Filighera & Associates and John Filighera were tortious, fraudulent and oppressive, and were done in total disregard of Plaintiff's legal rights, and entitle Plaintiff to an award of exemplary and punitive damages in an amount sufficient to punish said conduct and defer similar conduct in the future.

## FIFTH CLAIM FOR RELIEF

### {Breach of Contract}

66. As Trustee under the Deed of Trust, Lomarey owed an obligation to Plaintiff as Trustor to use reasonable diligence in its conduct, and not to engage in fraudulent or willfully oppressive conduct in regard to Plaintiff.

*Roberson v. Lomarey, Inc., et. al.*, **Adv. Proc. No.**
**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES** 9

Case 05-05486   Doc# 1   Filed: 09/06/05   Entered: 09/06/05 21:46:34   Page 9 of 13

67. The conduct of Lomarey, and its principal and agents, as herein alleged, constitute a willful and bad faith breach of this obligation.

68. These acts were committed as part of a scheme to defraud Plaintiff of his ownership interest in the Property.

69. Plaintiff has suffered damage from these wrongful acts, in an amount herein to be proven.

## SIXTH CLAIM FOR RELIEF

### {Tortious Interference With Property Rights}

70. The conduct of Defendants Lomarey, Corrigan, Filighera & Associates and John Filighera in inducing Court approval of the Loan Agreement, forcing Roberson to sign the Option, attempting to enforce the terms of the Option Purchase Agreement, stating to third parties that Lomarey was entitled to 50% ownership in the Property, and that Roberson could not sell clear title to the Property, with the intent to dissuade prospective purchasers, and attempting to intimidate Roberson into selling he equity in the property for a pittance constitute tortious interference with Roberson's ownership interest in the Property, in violation of California Civil Code Section 1708.

71. These acts were committed as part of a scheme to defraud Plaintiff of his ownership interest in the Property,

72. Plaintiff has suffered damage from these wrongful acts, in an amount herein to be proven.

73. The actions of Defendants Lomarey, Corrigan, Filighera & Associates and John Filighera were tortious, fraudulent and oppressive, and were done in total disregard of Plaintiff's legal rights, and entitle Plaintiff to an award of exemplary and punitive damages in an amount sufficient to punish said conduct and defer similar conduct in the future.

## SEVENTH CLAIM FOR RELIEF

### {Preliminary and Permanent Injunctions - Cal. CCP §526}

74. As alleged herein above, Defendants have engaged in a continued pattern of conduct designed and intended to wrongfully obtain title to the Property for much less than its true value,

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**     10

Case: 05-05486   Doc# 1   Filed: 09/06/05   Entered: 09/06/05 21:46:34   Page 10 of 13

and to take advantage of Roberson's poor health to deprive Roberson of his rightful ownership of the Property.

75. In addition to the wrongful conduct herein above alleged, Defendant Lomarey has also recorded a Notice of sale which overstates the amount due on the secured Note by at least $50,000.00.

76. Plaintiff has repeatedly demanded that Defendants stop their wrongful conduct as described herein above. Defendants, and each of them, have refused and still refuse to refrain from their conduct.

77. Plaintiff contends that, as a result of Defendants' wrongful conduct, defendants are not entitled to proceed with the Trustee's Sale.

78. Defendants threaten to, and, if not restrained, will sell the Property, or cause it to be sold.

79. Defendants' wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff in that the Trustee's Sale would wrongfully deprive Plaintiff of over $650,000.00 in equity in the Property, which is his only asset, will leave Plaintiff with substantial adverse tax consequences from the foreclosure, and will force Plaintiff onto the welfare rolls.

80. Plaintiff has no adequate remedy at law for the injuries which are threatened , in that he will be forced to institute a multiplicity of suits to obtain adequate compensation for his injuries, and it will be impossible for Plaintiff to pursue litigation to recover compensation for his injuries if he is rendered penniless by a foreclosure sale.

81. Plaintiff has been damaged by his inability to sell the Property due to Defendants' wrongful conduct, in an amount to be proven. Plaintiff will be further damaged so long as Defendants' conduct continues. The full amount of the damage is not known to Plaintiff, and Plaintiff will amend this Complaint to state this amount when it becomes known to him or on proof of damages.

**PRAYER FOR RELIEF**

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES    11

Case: 05-05486    Doc# 1    Filed: 09/06/05    Entered: 09/06/05 21:46:34    Page 11 of 13

**WHEREFORE, BASED ON THE FOREGOING, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:**

1. For an Order requiring Defendants To Show Cause, if any they have, why they should not be enjoined, during the pendency of this action, from conducting a Trustee's Sale of the Property, and from communicating to any third party, outside of this Court, that the Option Purchase Agreement constitutes any cloud on Roberson's title to the Property, or that Roberson is unable to convey good title to the Property to a buyer;

2. For a Temporary Restraining Order and a Preliminary Injunction, all enjoining Defendants, and each of them, during the pendency of this action, from conducting a Trustee's Sale of the Property, or from any attempt, outside of this Court, to enforce the Option..

3. After Trial of this action, for a Permanent Injunction, all enjoining Defendants, and each of them, from conducting a Trustee's Sale of the Property, or from enforcing the Option.

3. For Special damages according to proof, including damages in such further sums as may be sustained and as are ascertained before final judgment in this action;

4. For general damages according to proof, including such further damages as may be sustained and as are ascertained before final judgment in this action;

5. For attorneys fees herein incurred;

6. For costs of suit herein incurred; and,

7. For further relief as this Court may deem just and proper.

DATE: September 6, 2005        /s/ William F. Abbott
                               WILLIAM F. ABBOTT
                               Attorney for Plaintiff JOHN R. ROBERSON

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**                    12

Case: 05-05486    Doc# 1    Filed: 09/06/05    Entered: 09/06/05 21:46:34    Page 12 of 13

**VERIFICATION**

I, John R. Roberson, am the Plaintiff in the above entitled action. I have read the foregoing Verified Complaint, and know the contents thereof. The same is true of my own personal knowledge except of those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at Scotts Valley, California, on September 6, 2005.

/s/ John R. Roberson
JOHN R. ROBERSON

*Roberson v. Lomarey, Inc., et. al.*, Adv. Proc. No.
**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES** 13

Case: 05-05486   Doc# 1   Filed: 09/06/05   Entered: 09/06/05 21:46:34   Page 13 of 13